UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TALENT AGENCY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARKEL AMERICAN INSURANCE COMPANY and DOES 1 through 10,<br><br>Defendants. | Case No. 2:21-cv-00369-MCS-E<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 35) AND GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 36)** |

Defendant Markel American Insurance Co. moved for summary judgment on all of Plaintiff United Talent Agency, LLC's claims. Def.'s Mot., ECF No. 35. Plaintiff opposed, Pl.'s Opp'n, ECF No. 49, and Defendant replied, Def.'s Reply, ECF No. 54. Plaintiff also moved for summary judgment on two of Defendant's affirmative defenses. Pl.'s Mot., ECF No. 36-1. Defendant opposed, Def.'s Opp'n, ECF No. 48, and Plaintiff replied, Pl.'s Reply, ECF No. 55.[1] The Court heard the motions on December 13, 2021.

///

---

[1] Defendant objects to a declaration filed by Plaintiff. ECF No. 54-2. Because the Court resolves these motions on undisputed facts, the Court denies this objection as moot.

1

## I. BACKGROUND

Plaintiff originally filed this insurance coverage action in California state court. Notice of Removal, ECF No. 1. Plaintiff alleges that Defendant improperly denied insurance coverage for underlying actions related to allegations that Plaintiff tortiously hired employees and clients from a competitor. Compl. ¶¶ 16–27, ECF No. 5; UTA Statement of Genuine Disputes ("Pl.'s SGD") ¶¶ 3–4, ECF No. 50. Plaintiff sued for breach of the insurance contract, tortious breach of the implied covenant of good faith and fair dealing, and declaratory relief stating there is a duty to pay under the insurance contract. Compl. ¶¶ 28–45.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A fact is material when, under the governing law, the resolution of that fact might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex*, 477 U.S. at 322–23, and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007). To meet its burden, "[t]he moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). There is

no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id*. at 587.

### III. DISCUSSION

Defendant argues there is no breach of the insurance contract, so the Court cannot find for Plaintiff on any of the claims. Def.'s Mot. 1–2. Plaintiff argues Defendant's defenses of a professional services exclusion from coverage under the insurance contract and an exclusion from coverage under California Insurance Code section 533 ("Section 533") are unmeritorious. Pl's. Mot. 6. At the hearing, both parties agreed that there are no disputes of material fact and that the case can be resolved in either party's favor at the summary judgment stage.

**A. Breach of Contract and Professional Services Exclusion**

The parties agree the breach of contract claim involves noncompliance with the language of the parties' insurance contract. Def.'s Mot. 10–14; Pl.'s Mot 12–14. The insurance policy includes a Professional Services exclusion from coverage. The exclusion language states:

> The Insurer shall not be liable to pay any **Loss** on account of, and shall not be obligated to defend, any **Claim** based upon, arising out of, or in any way involving any actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty in connection with the rendering or failure to render any professional services to others for a fee, commission, or other compensation by any **Insured**. [¶] This exclusion shall not apply to any **Loss** on account of any **Claim** against any **Insured Person** alleging failure to supervise the rendering or failure to render any professional services excluded above.

Perlis Decl. Ex. A, at 47, ECF No. 35-1.

California law broadly construes grants of insurance coverage and narrowly

construes policy exclusions. *Aroa Mktg., Inc. v. Hartford Ins. Co. of Midwest*, 198 Cal. App. 4th 781, 787 (2011) (citing *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003)). The parties dispute the breadth of the policy exclusion at issue. Defendant argues that the language stating the insurance contract excludes coverage for any claim "based upon, arising out of, or in any way involving" any basis for liability "in connection with the rendering or failure to render any professional services to others" means that the exclusion cuts extremely broadly. Def.'s Mot. 10. Plaintiff argues the same language must be interpreted narrowly and that the term "professional services" does not cover the underlying conduct at issue here. Pl.'s Mot. 14–19.

California law holds that a term like "arising from" "is ordinarily understood to mean 'originating from, having its origin in, growing out of, or flowing from, or in short, incident to, or having connection with.'" *Crown Cap. Sec., L.P. v. Endurance Am. Specialty Ins. Co.*, 235 Cal. App. 4th 1122, 1130–31 (2015) (quoting *Davis v. Farmers Ins. Grp.*, 134 Cal. App. 4th 100, 107 (2005)). This language does not imply any kind of causation or theory of liability but instead "broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship." *Id.* at 1131 (quoting *Acceptance Ins. Co. v. Syufy Enters.*, 29 Cal. App. 4th 321, 328 (1999)).

"Professional services" are those "arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or mental. It is a broader definition than profession and encompasses services performed for remuneration." *Energy Ins. Mutual Ltd. v. Ace Am. Ins. Co.*, 14 Cal. App. 5th 281, 292 (2017) (cleaned up). An underlying dispute can occur "in connection with" professional services even if such a claim is brought by a competitor, not a customer, of an insured party. *See Jamison v. Certain Underwriters at Lloyd's Under Policy No. B0146LDUSA0701030*, 599 F. App'x 720, 721 (9th Cir. 2015) (citing *Total Call Int'l, Inc. v. Peerless Ins. Co.*, 181 Cal. App. 4th 161, 173 (2010)).

4

Plaintiff is a talent agency whose professional services involve representing clients in the entertainment industry, including the procurement and negotiation of contracts of employment. Sinclair Decl. ¶ 4, ECF No. 51. Plaintiff was sued for allegedly interfering with the agents and clients of a competitor by hiring some agents from a competitor and unlawfully taking those client relationships. Pl.'s SGD ¶¶ 3–4. Plaintiff argues that the underlying suit did not arise out of or happen in connection with the rendering of professional services because a competitor sued Plaintiff, not a customer, and because the underlying acts did not involve rendering professional services to others for a fee, commission, or other compensation. Pl.'s Mot. 17–19. This argument, however, is contrary to the facts and the language of the exclusions.

First, the fact that an act harms a competitor instead of a customer does not take the act out of the realm of professional services. *See Jamison*, 599 F. App'x at 721. Second, Plaintiff has no serious argument that the allegations of hiring agents from a competitive entertainment company have no connection with the rendering of professional services to others for compensation. The Court cannot imagine, and Plaintiff did not provide, any other motive for the alleged acts than for Plaintiff to increase its profits. While the Court must draw inferences in favor of the nonmoving party, these inferences must be *reasonable*. *Scott*, 550 U.S. at 378. It is unreasonable to conclude Plaintiff, if it in fact committed the alleged acts, did so for any other purpose than competitive advantage in the market. Thus, these acts occurred "in connection with the rendering or failure to render any professional services to others for a fee, commission, or other compensation." Perlis Decl. Ex. A, at 47.

The claims for intentional interference with contractual relations, inducing breach of contract, intentional interference with prospective economic advantage, breach of fiduciary duty, conspiracy to breach fiduciary duty, aiding and abetting breach of fiduciary duty, breach of duty of loyalty, conspiracy to breach duty of loyalty, aiding and abetting breach of duty of loyalty, and violations of California's Unfair Competition Law all arise out of or relate to acts that occurred in connection with the rendering of

professional services for a fee. *See* Pl.'s SGD ¶¶ 3–4. Per the reasoning in *Crown Capital*, this exclusion, because it uses "arising out of or related to" language, excludes any claims with a broad factual connection to the rendering of professional services for compensation. *See Crown Cap.*, 235 Cal. App. 4th at 1131. These claims all arise from acts allegedly done to seek a competitive advantage. The alleged acts underlying this competitor suit neatly fit within the professional services exclusion.

Plaintiff argued at the hearing that interpreting the professional services exclusion to preclude coverage of the underlying lawsuit would mean everything a business does is a professional service and that this broad interpretation would render insurance contracts with professional services exclusions useless. This is not so. The acts underlying a claim excluded under a professional services agreement must have a nexus between the professional services an insured party offers and the injury underlying an excluded claim. *See Ambrosio v. Brit UW Ltd.*, 606 F. App'x 885, 887 (9th Cir. 2015). The nexus here is clear—Plaintiff wanted to increase its professional services offerings and the resulting profits, so it allegedly injured a competitor. The language of this exclusion precludes coverage of the underlying claims. On different facts—for example, where Plaintiff could offer a motive unrelated to the rendering of professional services for compensation—this argument might have teeth, and a court could limit the reach of this policy by following the maxim that insurance exclusions are to be strictly construed in favor of the insured. *Aroa Mktg.*, 198 Cal. App. 4th at 787. With these facts, though, the Court cannot reach an interpretation favoring Plaintiff without misconstruing California law. Thus, Plaintiff's argument that granting Defendant's motion would eviscerate its insurance coverage is unmeritorious.

The Court **GRANTS** Defendant's motion as to the breach of contract claim and **DENIES** Plaintiff's motion as to the professional services exclusion defense.

B.  **California Insurance Code Section 533**

Section 533 states that "[a]n insurer is not liable for a loss caused by the willful act of the insured; but [the insurer] is not exonerated by the negligence of the insured,

or of the insured's agents or others." The insurance policy states the following:

> The Insurer shall not be liable under this Coverage Part to pay any **Loss** on account of, and shall not be obligated to defend, any **Claim** made against any **Insured** . . . based upon, arising out of or in any way involving any deliberately fraudulent act or omission or any willful violation of any statute or regulation committed by such **Insured**, if a final and non-appealable adjudication adverse to such **Insured** in any proceeding not brought by the Insurer establishes such a deliberately fraudulent act or omission or willful violation.

Perlis Decl. Ex. A, at 29–30. This contract language requires a specific type of proof for Defendant to invoke Section 533. Defendant only references the underlying Complaint to invoke this exclusion and does not provide any final and non-appealable judgment demonstrating a willful act. *See* Def.'s Mot. 15–16. Thus, Defendant cannot use Section 533 as a ground to exclude coverage. The Court **GRANTS** Plaintiff's motion as it pertains to the Section 533 defense and **DENIES** Defendant's motion as it pertains to Section 533.

### C. Implied Covenant of Good Faith and Fair Dealing

"California law is clear, that without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) (citing *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 35–36 (1995)). Because Defendant did not breach the insurance contract, Defendant did not breach the implied covenant of good faith and fair dealing. Thus, the Court **GRANTS** Defendant's motion as to this claim.

### D. Declaratory Judgment

Plaintiff bases its declaratory judgment claim on the premise that Defendant improperly denied it insurance coverage. Compl. ¶¶ 42–45. Because there is no breach of the insurance contract, there was no improper denial of insurance coverage. Thus,

the Court **GRANTS** Defendant's motion as to the declaratory judgment claim.[2]

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion as to all claims and **DENIES** the motion as to the Section 533 affirmative defense. The Court **GRANTS** Plaintiff's motion as to the Section 533 affirmative defense and **DENIES** the motion in all other respects. The Court directs the Clerk to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

Dated: January 26, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

---

[2] Defendant asks the Court to enter declaratory judgment in its favor. Def.'s Mot. 2; Def.'s Proposed J., ECF No. 35-3. Defendant failed to present a claim or prayer for declaratory relief in its Answer, so the Court declines to do so. *See generally* Answer, ECF No. 16.